OWEN GRIMES *v*. L. S. TRIMBLE, ETC.

**Money Received—Receiving Money Due Another.**
   An action for money had and received is the proper remedy, where
defendant presented a claim for and received money for timber.be-
longing to plaintiff, which was used by the federal army during the
civil war.

**Evidence—Testifying from Memorandum.**
   The fact that a witness had reduced his knowledge of the manner
in which the estimate was made to writing in the form of an affidavit
or deposition, is no reason for excluding what the witness knew in
regard to the controversy, although the same statements may be
found in the writing.

**Evidence—Exhibits as Evidence.**
   Refusal to permit exhibits of a petition to be read to the jury by
plaintiff, was not prejudicial to plaintiff, where the answer admits
all that the exhibits would have shown if they had been produced.

APPEAL FROM McCRACKEN CIRCUIT COURT.

June 5, 1873.

OPINION BY JUDGE PRYOR:

The appellant is seeking to recover of the appellees upon a count
for money had and received to his use by the latter. It is alleged
that the plaintiff was the owner of certain down timber near the city
of Paducah, and that this timber was used for fire and other purposes
by the Federal army during the war; that the defendants presented
a claim against the government of the United States for the value
of this timber belonging to the plaintiff and received compensation
therefor under the laws of Congress authorizing the payment of
such claim. We see no reason why a recovery should not be had if
the alleged cause of action is sustained by the proof. This character
of action may be maintained where money has been received tor-
tiously or even by the intervention of forgery.

It is said in Chitty's Pleadings, page 351, that where goods or
other property has been improperly received by the defendant and are
saleable, that under certain circumstances and after a lapse of time

it may be presumed that the property had been sold by the defendant and converted into money and when the evidence conduces to show this state of fact the common count for money had and received may be maintained. If one disposes of a note belonging to another he is liable to the owner for the amount in an action for money had and received. *Larabee v. Ovit,* 4 Vermont 47. Where one receives money, whether tortiously or improperly, that belongs to another, the law is well settled by all the elementary writers on pleading that the owner may recover in an action for money had and received. Chitty's Pleadings and Notes, 351-99.

The appellant, in order to maintain this action, is required first to show that he owned the timber; second, that it was used by the government and that the defendants received compensation for it. During the progress of the trial it became necessary to show what timber was included in the estimate made by the government officials in allowing defendants' claim. The witness Grace testified that he estimated the value of the timber claimed by the appellant and made an affidavit in which his statement could be ascertained and delivered it to the claim agent. The court below, at the instance of the defendant, excluded from the jury this evidence of Grace, as also the evidence of Harman in regard to the map he had made including the territory of timber claimed by appellant. What the affidavit of Grace the witness contained was not the subject of inquiry in the case, and there was no reason for excluding his statements as to what timber he valued in making the estimate. These were facts known to the witness and of which he should have spoken when called on. The fact that he had reduced his knowledge of the manner in which the estimate was made to writing in the form of an affidavit or deposition is no reason for excluding what the witness knows in regard to the controversy, although the same statements may be found in the writing.

Harrington's statement should not have been excluded for the same reason it was competent for him to state what timber was included in the estimate and that he made a map showing the boundary. In addition those prosecuting this claim against the government obtained the affidavit and map for the purpose of establishing the claim and if the statements of the witnesses as to what was said and done by them in making the estimate varies from the written statements, the defendants can produce the papers, for the pur-

pose of refreshing their recollection or of showing that they have made other and different statements. The plaintiff's counsel asked Instruction No. 16 explanatory of Instruction 14, by which the jury were told that the fact that the witnesses made the estimate of the timber within the boundary claimed by plaintiff, was not excluded. This the court refused to give. If this instruction had been given it might perhaps have cured the error committed in Instruction No. 14.

That the exhibits in the petition were not permitted to be read by the appellant did not prejudice the case, as the defendants admitted in their answer that they had received the money and this was all that the exhibit could have shown if produced.

Whether Morrow sold this timber to Grimes and if sold whether or not the defendants recovered pay from the government for it are questions of fact for the jury and in regard to which this court expresses no opinion. For the reasons indicated the judgment of the court below is *reversed* and the cause remanded with directions to award the appellant a new trial and for further proceedings consistent with this opinion.

*Husband, Williams, for appellant.*

*Bullitt, Bigger, for appellee.*